We have jurisdiction pursuant to 28 U.S.C. § 1291, and review issues of statutory construction *de novo. See Abdul–Akbar v. McKelvie,* 239 F.3d 307, 311 (3d Cir.2001). We will summarily vacate the District Court's order and remand for further proceedings.

The District Court denied Nicholas's motion on the grounds that he had three strikes under 28 U.S.C. § 1915(g) and had not alleged that he was in "imminent danger." All of the strikes on which the District Court relied, however, were dismissals of complaints that had not yet been entered when Nicholas filed the instant suit. *See* W.D. Pa. Civ. Nos. 06–112, 06–98, and 06–201. Moreover, Nicholas went on to appeal each of the three dismissals, and those appeals were not completed at the time Nicholas filed his complaint. *See* C.A. Nos. 06–4362, 06–4361, 06–4367. A dismissal does not qualify as a strike for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. *See Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir.1999); *Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Therefore, Nicholas did not have three strikes when the District Court denied his motion, and the District Court erred in requiring him to demonstrate that he was under imminent danger of serious physical injury before proceeding *in forma pauperis* at that time. *See* 28 U.S.C. § 1915(g).

The fact that this Court has since dismissed Nicholas's appeals of the aforementioned District Court orders under 28 U.S.C. § 1915(e)(2)(B), *see* C.A. Nos. 06–4362, 06–4361, 06–4367, does not change that result. By its terms, § 1915(g) governs only the circumstances under which a prisoner may "bring" a civil action *in forma pauperis,* which means that its impact must be assessed at the time a prisoner files his or her complaint. *See Abdul–Akbar,* 239 F.3d at 313; *Gibbs v. Ryan,* 160 F.3d 160, 162–63 (3d Cir.1998). Thus, only the strikes actually earned at the time the complaint was filed are relevant. The statute does not authorize courts to revoke *in forma pauperis* status if a prisoner later earns three strikes. *See Gibbs,* 160 F.3d at 163 (explaining that Congress "limited the 'three strikes' provision to an inmate's ability to 'bring' an action. Congress could have tied the 'three strikes' bar to an inmate's ability to *maintain* an action. It did not do so.").

Accordingly, we will summarily vacate the District Court's order and direct the District Court to evaluate Nicholas's motion for leave to proceed *in forma pauperis* in light of this opinion. The two motions Nicholas has filed on appeal are denied.

Edward J. NICHOLAS, Appellant

v.

John F. CHERRY; Robert Lewis, Esquire; Jeffrey B. Engle, Esquire; Scott A. Evans, Esquire; Michelle Zimmerman; James Mccullough, Es-

quire; John E. Jones, Iii, Esquire; American Detective Agency; Thomas Griser; Richard Long; Deborah Ruggerio; Patricia Thompson.

No. 07–2012.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 25, 2007.

Opinion Filed: Nov. 9, 2007.

Edward J. Nicholas, Harrisburg, PA, pro se.

Before AMBRO, FUENTES, and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Edward J. Nicholas appeals from the District Court's order denying his motion for leave to proceed *in forma pauperis*.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and review issues of statutory construction *de novo*. *See Abdul–Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir.2001). We will summarily vacate the District Court's order and remand for further proceedings.

The District Court denied Nicholas's motion on the grounds that he had three strikes under 28 U.S.C. § 1915(g) (the dis-

missals of W.D. Pa. Civ. Nos. 06–112, 06–98, and 06–201) and had not alleged that he was in "imminent danger." Two of the strikes on which the District Court relied, however, were dismissals of complaints that had not yet been entered when Nicholas filed the instant suit. *See* W.D. Pa. Civ. Nos. 06–112, 06–201. Moreover, Nicholas went on to appeal each of the three dismissals relied on by the District Court, and those appeals were not completed at the time Nicholas filed his complaint. *See* C.A. Nos. 06–4362, 06–4361, 06–4367. A dismissal does not qualify as a strike for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir.1999); *Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir.1996). Therefore, Nicholas did not have three strikes when the District Court denied his motion, and the District Court erred in requiring him to demonstrate that he was under imminent danger of serious physical injury before proceeding *in forma pauperis* at that time. *See* 28 U.S.C. § 1915(g).

The fact that this Court has since dismissed Nicholas's appeals of the aforementioned District Court orders under 28 U.S.C. § 1915(e)(2)(B), *see* C.A. Nos. 06–4362, 06–4361, 06–4367, does not change that result. By its terms, § 1915(g) governs only the circumstances under which a prisoner may "bring" a civil action *in forma pauperis*, which means that its impact must be assessed at the time a prisoner files his or her complaint. *See Abdul–Akbar*, 239 F.3d at 313; *Gibbs v. Ryan*, 160 F.3d 160, 162–63 (3d Cir.1998). Thus, only the strikes actually earned at the time the complaint was filed are relevant. The

---

1. Nicholas is currently on parole and was granted *in forma pauperis* status for purposes   of this appeal.

statute does not authorize courts to revoke *in forma pauperis* status if a prisoner later earns three strikes. *See Gibbs*, 160 F.3d at 163 (explaining that Congress "limited the 'three strikes' provision to an inmate's ability to 'bring' an action. Congress could have tied the 'three strikes' bar to an inmate's ability to *maintain* an action. It did not do so.").

Accordingly, we will summarily vacate the District Court's order and direct the District Court to evaluate Nicholas's motion for leave to proceed *in forma pauperis* in light of this opinion.

**Edward J. NICHOLAS, Appellant**

v.

Donald **HEFFNER**, Badge (15); John Doe Police Sgt; American Detective Agency, Mr. Joseph Allercia; Carolyn Thompson; Arthur Dils; Timothy Keating; George F. Shultz; Scott A. Evans; Jeffrey B. Engle; Diane Morgan; John F. Cherry; Jane Peel; Nativa P. Wood; James Marisco, Jr.; Chief Magistrate District Judge; Deborah Ruggerio; John Doe (1997) President Judge.

No. 07–2013.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 25, 2007.

Opinion Filed: Nov. 9, 2007.

Edward J. Nicholas, Harrisburg, PA, pro se.

Before: AMBRO, FUENTES, and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Edward J. Nicholas appeals from the District Court's order denying his motion for leave to proceed *in forma pauperis*.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and review issues of statutory construction *de novo*. *See Abdul–Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir.2001). We will summarily vacate the District Court's order and remand for further proceedings.

The District Court denied Nicholas's motion on the grounds that he had three strikes under 28 U.S.C. § 1915(g) (the dismissals of W.D. Pa. Civ. Nos. 06–112, 06–98, and 06–201) and had not alleged that he was in "imminent danger." Two of the strikes on which the District Court relied, however, were dismissals of complaints

---

**1.** Nicholas is currently on parole and was granted *in forma pauperis* status for purposes of this appeal.